UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BURLINGTON RESOURCES <br> OIL & GAS COMPANY, LP, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | Case No. 13-CV-0678-CVE-TLW |
| UNITED STATES DEPARTMENT OF <br> THE INTERIOR, | ) <br> ) <br> ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is the Motion of Burlington Resources Oil & Gas Company LP to Supplement the Administrative Record, with brief in support (Dkt. # 14). Plaintiff Burlington Resources Oil & Gas Company, LP (Burlington) argues that there is no factual basis to support the finding of the United States Department of the Interior Board of Land Appeals (IBLA)[1] that midstream companies act as intermediaries in the sale of unprocessed gas.[2] It requests that defendant be directed to supplement the record with any documents providing a factual foundation for that finding and that it be allowed to supplement the record with evidence refuting that finding.

---

[1] The IBLA "is an appellate review body that exercises the delegated authority of the Secretary of the Interior to issue final decisions for the Department of the Interior." About the Interior Board of Land Appeals, U.S. Dep't Interior, http://www.doi.gov/oha/ibla/index.cfm (last visited Apr. 29, 2014).

[2] By describing the finding as "any midstream purchaser or processor" acts as an intermediary, Burlington slightly mischaracterizes the finding; the finding was only that the specific midstream purchaser or processor in the underlying administrative action acted as an intermediary. Compare Dkt. # 14, at 1, with Dkt. # 19-1, at 20.

**I.**

Burlington "is a federal lessee and operator of multiple wells drilled upon federal leases in North Dakota." Dkt. # 2, at 2. Burlington "sold unprocessed gas at the wellhead pursuant to arm's-length percentage of proceeds [POP] contracts to Bear Paw Energy, Inc. (now ONEOK Rockies Midstream, L.C.C. [collectively, ORM]), a 'midstream' purchaser, gatherer and processor of natural gas." Id. at 3. ORM processed the gas, yielding residue gas and natural gas liquids, and paid Burlington for the sale on the basis of contractual POPs. Id. Burlington has allegedly failed to pay royalties owed pursuant to its federal lease obligations. Id. at 1.

The defendant's Minerals Management Service (MMS), which is the former agency name of the section of the Department of the Interior that managed receipts and disbursements from energy projects regulated by the Department of the Interior, entered two orders, styled MMS-08-0054-O&G and MMS-08-0055-O&G, determining that Burlington had "taken deductions from royalty that should be disallowed." Id. at 1, 6; see Curry L. Hagerty, Cong. Research Serv., Department of the Interior (DOI) Reorganization of Ocean Energy Programs 3 (2012), available at http://www.fas.org/sgp/crs/misc/R42599.pdf. Burlington appealed each of those orders at the agency level. Dkt. # 2, at 1, 7.

The Office of Natural Resources Revenue (ONRR), MMS's successor for the collection and verification of natural resource revenues, granted in part and denied in part Burlington's appeals. Id. at 1; Off. Nat. Resources Revenue, http://www.onrr.gov/ (last visited Apr. 29, 2014). Burlington appealed those dispositions to the IBLA. Dkt. # 2, at 2. Those disputes were redesignated and then consolidated under docket number IBLA 2012-96. Id. The IBLA issued a consolidated decision on April 23, 2013. Id. Burlington filed this suit seeking review of the IBLA's final agency

2

disposition, pursuant to 30 U.S.C. §1724(j) and the Administrative Procedures Act (APA), 5 U.S.C. § 703. Id. Burlington argues that the deductions it took were for the costs of processing and transporting the gas, not for the costs of putting it into marketable condition. Id. at 8. Burlington also argues that, contrary to MSS, ONRR, and IBLA's positions, Burlington's gas was, or, at the very least, may have been, marketable at the time it was sold to ORM. Id. at 11. The parties jointly filed the administrative record. Dkt. ## 19, 20.

Before the administrative record was filed, Burlington moved to supplement the administrative record. Dkt. # 14.[3] Burlington's request to supplement the record relates to the following portion of the IBLA's order:

> While the unprocessed gas is accepted for initial purchase by [ORM], which essentially acts as an intermediary in the sale of unprocessed gas, it is only after the gas has been processed by [ORM], which first necessitates compression, dehydration, and sweetening, that it is marketable to the ultimate purchaser.

Dkt. # 14, at 3 (quoting Dkt. # 19-1, at 20) (alteration in original).[4] Specifically, Burlington believes that the phrase "essentially acts as an intermediary in the sale of unprocessed gas" is a finding of the IBLA that is unsupported by facts in the record. Id. at 1.[5] Burlington requests that this Court direct defendant to supplement the record with documents reflecting the factual foundation of that finding.

---

[3] This pleading (Dkt. # 14) also contained an unopposed motion to reset scheduling order deadlines (later re-docketed as Dkt. # 22), which was granted. Dkt. # 15.

[4] Burlington's citation of this quote indicates that Burlington has added emphasis to the quotation. Dkt. # 14, at 3. However, there does not appear to be any emphasis added. See id. It is likely that Burlington intended to emphasize "which essentially acts as an intermediary in the sale of unprocessed gas" and, possibly, "that it is marketable to the ultimate purchaser." See Dkt. # 2, at 9; Dkt. # 14, at 1.

[5] Burlington believes a number of other conclusions of the IBLA are not supported by facts in the record. Dkt. # 14, at 4 n.2. However, those conclusions are not the subject of this motion. Id.

Id. Burlington also requests permission to supplement the administrative record with evidence that refutes that finding. Id. at 2. Defendant has responded (Dkt. # 26) and Burlington has replied (Dkt. # 27).

## II.

Under the APA, a reviewing court "shall review the whole record or those parts of it cited by a party." 5 U.S.C. § 706. "[J]udicial review of agency action is normally restricted to the administrative record . . . ." Lee v. U.S. Air Force, 354 F.3d 1229, 1242 (10th Cir. 2004). However, extra-record materials may be considered in extremely limited circumstances. Id. Extra-record materials can be considered if an agency "ignored relevant factors it should have considered or considered factors left out of the formal record." Id. Extra-record materials can also be considered "where necessary for background information" or "where necessary to explain technical terms or complex subject matter involved in the action." Franklin Sav. Assoc. v. Dir., Office of Thrift Supervision, 934 F.2d 1127, 1137 (10th Cir. 1991).

## III.

The phrase "which essentially acts as an intermediary in the sale of unprocessed gas" merely clarifies the role played by ORM. The administrative record states that ORM purchased, at the well, the gas Burlington produced pursuant to a POP contract. E.g., Dkt. # 19-2, at 95. The record states that ORM processed the gas it purchased from Burlington. See e.g., id. at 95, 132; Dkt. # 20, at 5. The record states that ORM was to pay Burlington a percentage of the proceeds ORM received from selling the products derived from Burlington's gas. Dkt. # 20, at 19-23. These facts within the record fully support IBLA's characterization of ORM as an intermediary, as that term is commonly used in a nontechnical sense, between Burlington as producer and the purchasers of the processed

4

products: ORM received gas from Burlington, processed it, and sold the processed product with Burlington receiving a percentage of the proceeds. Burlington may--and does--dispute whether ORM's status as an intermediary has any bearing on when Burlington's gas became marketable. If it is later determined that the MMS had a duty consider the role of midstream companies in the purchasing of natural gas from the field or area in which Burlington's wells are located when determining when Burlington's gas became marketable and failed to satisfy that duty, then the case may be remanded to ensure that duty is fulfilled. But the record supports the IBLA's statement that ORM essentially acted as an intermediary. There is no need to supplement the record, either with evidence supporting or refuting that finding. Burlington's motion should be denied.

**IT IS THEREFORE ORDERED** that Motion of Burlington Resources Oil & Gas Company LP to Supplement the Administrative Record, with brief in support (Dkt. # 14) is **denied**.

**DATED** this 29th day of April, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE